**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeremy PUCKETT, Defendant–**
**Appellant.**

**No. 00–6415.**

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

This is a direct appeal from a judgment and commitment order in a criminal prosecution in which counsel for the appellant moves to withdraw from representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Jeremy Puckett was indicted in connection with the distribution of child pornography and he subsequently entered into a written agreement to plead to the indictment. The district court accepted the plea and found Puckett guilty of one count of mailing in interstate commerce child pornography, in violation of 18 U.S.C. § 2252A(a)(1). The court sentenced Puckett to a prison term of one year and a day with a three year period of supervised release and this appeal followed.

Counsel for Puckett filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Puckett was served with this motion and a copy of the brief and was invited to respond, see *Freels v. Hills*, 843 F.2d 958, 961 & n. 3 (6th Cir. 1988), although he chose not to do so.

In February 2000, a special agent working for the Attorney General of Pennsylvania received correspondence from Puckett over the Internet by electronic mail. The special agent had been working undercover by holding himself out as a dealer in child pornography. Puckett eventually agreed to send the agent ten computer discs encoded with depictions of almost 200 examples of child pornography in exchange for videotape recordings of similar depictions of child pornography. Puckett fulfilled his end of the bargain by sending the discs through the United States Postal Service to the agent. The agent, in turn, arranged the controlled delivery of the videotapes through the Postal Service to the Lexington, Kentucky address supplied by Puckett. The videotapes were delivered to the address, an unoccupied dwelling, and Puckett was apprehended as he arrived to retrieve them. Puckett confessed his role in the offense to the arresting officers almost immediately and that confession was never challenged in court. Puckett also never contested the assessment of law enforcement officers that actual minors were depicted on the images encoded on the computer discs.

Puckett was indicted for one count for mailing in interstate commerce child pornography and swiftly agreed to enter a guilty plea. The plea contemplated in part that Puckett's criminal history category would be set at I and his base offense level would be twenty-three with a resulting guideline range of forty-six to fifty-seven months. The matter proceeded to the district judge who accepted the plea and set the case over for sentencing. The parties later met for sentencing. The district court learned that neither party had any objection to the pre-sentence report but the court expressed an interest in having Puckett evaluated by a psychiatrist before passing sentence. The court also heard the government's unequivocal endorsement of a downward departure in Puckett's base offense level in view of his complete, extensive cooperation in assisting authorities in

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

prosecuting other individuals in the child pornography business. The parties met for final sentencing after Puckett was examined by the psychiatrist. The court ultimately decided to sentence Puckett to a prison term of one year and one day, a downward departure from the lowest end of the guideline range of almost thirty-four months, without objection from the government.

Counsel for Puckett notes, in passing, that there may have been some arguable error in the sentence meted out, while acknowledging the meritless nature of this position. Counsel's assessment of this arguable error could not be more accurate. The district court effected a significant downward departure in this case from the low end of forty-six months to a year and a day. Our independent examination of the record supports counsel's characterization of this appeal. The district court plainly complied with the dictates of Criminal Rule 11 in accepting Puckett's plea, ascertaining Puckett's capacity to enter the plea and making certain that Puckett was aware of the constitutional rights he was waiving by offering his plea. Neither party objected to the contents of the presentence report or to the generous downward departure the district court effected in Puckett's sentence. This appeal lacks merit.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.